IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| ANGELA HARRY, *individually* and as next of friend of J.H., *a minor*, <br><br> Plaintiffs, <br><br> v. <br><br> TIM GAINOUS, <br><br> Defendant. | CASE NO.: 1:10-CV-130 (WLS) |

## ORDER

Before the Court is what Plaintiff titled as an "Omnibus Motion Pursuant to Local Rule 7.1 to Include: Subparts A-E." (Doc. 29.) The Motion is comprised of a motion for enlargement of time for discovery and other deadlines; a motion for leave to amend complaint; a motion to compel and for sanctions; motion for leave to depose Ricky Dewayne Reynolds; and a motion for the court to hold a hearing on discovery of mental health records for Reynolds. (*Id.* at 1.) Because Plaintiff has failed to comply with the Court's deadlines and rules, Plaintiff's Omnibus Motion and its subparts are **DENIED**.

## PROCEDURAL and FACTUAL BACKGROUND

This case has been around a long time. Angela Harry, individually and as next friend of J.H., a minor, filed the first complaint in this case on September 29, 2010. (Doc. 1.) The complaint alleges that Defendant Tim Gainous, the jail administrator for the Grady County Sheriff's Department, is liable for the wrongful death of Wade Harry, a pretrial detainee in the Grady County Jail, under 42 U.S.C. § 1983 and Georgia law. Plaintiff claims Gainous has a policy of minimizing cost at the Grady County Jail.

1

Because of that, the jail housed violent inmates close to nonviolent misdemeanor offenders, such as Harry, and did not keep prescription medications on hand. These conditions allegedly created a perfect storm. On August 21, 2009, Ricky Dewayne Reynolds—a convicted felon with paranoid schizophrenia and a twenty-year history of violent crime—attacked and killed Harry while experiencing hallucinations. According to the Complaint, Reynolds's attack was unprovoked. And, before it occurred, Reynolds had allegedly requested Risperidone, a prescription medication used to treat schizophrenia, but the jail did not stock or fill his prescription because Gainous wanted to keep costs low.

The discovery has been ongoing for some time. The Court entered a Scheduling and Discovery Order on January 1, 2011. (Doc. 11.) It provided that fact discovery should be completed by August 1, 2011. (*Id.* at 2.) Nevertheless, the Parties, often jointly, have moved to extend the deadline to complete discovery no less than six times. (Docs. 14, 16, 19, 21, 23, 27.) After the fourth request for extension, the Court entered an Order granting the request but advising that

> the Court will grant no further extension, except to avoid manifest injustice based upon timely written motion for good cause shown not reasonably foreseeable or reasonably avoidable by the moving party(ies). The parties are **ORDERED** to fully and timely cooperate so as to complete discovery in the amended time limits allotted.

(Doc. 22.) Since then, Plaintiff moved twice to amend the discovery order. (Docs. 23, 27.) In the majority of these motions, the Parties have requested extension because of their "heavy litigation schedules." (*E.g.*, Doc. 23.) The Court granted these requests. (Docs. 26, 28.) The last order extended discovery until January 15, 2013. (Doc. 28.)

On June 14, 2011, nonparty Behavioral Health Services of South Georgia ("BHS") appeared in this case to quash a subpoena for Reynolds's mental health records. (Doc.

2

12.) BHS claimed that the health records were privileged under Georgia and federal law and Plaintiff had not made the proper assurances to keep the records confidential. Plaintiff did not respond to the motion to quash, and the Court granted it. (Doc. 13.)

On February 1, 2013, several weeks after the close of discovery, Plaintiff filed the instant "Omnibus Motion." (Doc. 29.) The omnibus motion contains five subparts, mostly comprised of discovery motions. In addition to seeking more time for discovery, Plaintiff filed a motion to compel certain jailers to disclose their conversations with defense counsel. Plaintiff filed the motion to compel more than twenty-one days after the alleged violation and failed to include a certificate of good faith. For the first time, Plaintiff also moves the Court to grant leave to depose Reynolds because he is incarcerated, presumably at Augusta State Medical Prison. Furthermore, Plaintiff requests a hearing on the discovery on Reynolds's mental health records.

## DISCUSSION

### I. Motion to Compel

Plaintiff moves to compel certain jailers to answer unspecified questions during the depositions about conversations with defense counsel. Defendant opposes this motion in part because the motion falls outside the Court's twenty-one-day deadline for motions to compel, set forth in the Court's Scheduling and Discovery Order.

The Court agrees. The Court's January 19, 2011 scheduling order provided that:

> Unless extended by the Court upon a showing of good cause by either party upon written motion, all motions to compel discovery shall be filed within twenty-one (21) days of the date on which the response(s) was due or twenty-one (21) days of receipt of an allegedly inadequate response, and not later than twenty-one (21) days after the close of discovery, whichever first occurs.

3

(Doc. 11 at 2.) The purpose, as the Court explained at the Discovery Conference, of the 21-21-21 Rule, is to allow the parties time to cooperate and resolve discovery disputes without the Court's intervention, and in the event of failure, to present unresolved issues to the Court near the time of occurrence to prevent stale disputes from unduly affecting other discovery or complicate later unrelated discovery disputes.  As the Order states and the Court explained at the conference, the Court extends the twenty-one-day window when a party makes a timely request for an extension upon a showing of good cause.

This case illustrates the wisdom of that rule. Plaintiff claims six witnesses on January 9, 2013, refused to answer questions about what defense counsel told them during a previous meeting. Plaintiff filed the instant motion more than twenty-one days after the alleged inadequate responses. If the Court granted the motion to compel, presumably the Parties would need to re-depose all of these witnesses—requiring the Court to extend the discovery deadline yet again and making every witness reappear for a second time.

This error is further compounded by Plaintiff's failures to include a memorandum of authorities and a certificate that she tried to resolve the dispute in good faith. Federal Rule of Civil Procedure 37(a)(1) unambiguously explains a motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Further, Local Rule 7.1 requires parties to include memorandums of law with their motions. L.R. 7.1. Federal Rule 37, combined with the Court's 21-21-21 rule, encourages parties to resolve discovery disputes without the Court's intervention. When parties need the Court's

involvement, the Court expects the issues to be succinctly stated with supporting authority.

Plaintiff complied with none of these rules. The motion falls outside of the deadline, it lacks a certificate, and Plaintiff did not bother to cite to a single source of binding authority. Furthermore, Plaintiff did not move to extend the deadline. As a result, the instant motion presents an untimely discovery dispute on a vague disagreement that requires the Court to independently research Plaintiff's claims.

Plaintiff's Motion to Compel is **DENIED**.

## II. Motion to Amend Complaint

Plaintiff also moves to amend the complaint. In support of this motion, Plaintiff claims good cause is shown to extend the scheduling and discovery order because she discovered new facts during discovery. Furthermore, Plaintiff argues the amendments will not cause undue prejudice.

The Court agrees with Defendant that Plaintiff has not shown good cause. The Scheduling and Discovery Order in this case set the deadline to amend pleadings as April 15, 2011. Almost two years have elapsed since that deadline. Accordingly, because the motion falls far outside the scheduling deadline, plaintiff must make a good cause showing to modify the order. Fed. R. Civ. P. 16(b); *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998). Furthermore, "[t]his good cause standard precludes modification unless the schedule 'cannot be met despite the diligence of the party seeking extension.'" *Sosa*, 133 F.3d at 1418 (quoting Fed. R. Civ. P. 16 advisory committee's note).

Plaintiff claims she made a showing of good cause because she discovered new facts during the January 9, 2013 depositions and wants to include them in a second amended

5

complaint.[1] The problem with this showing is that it does not explain why Plaintiff could not have discovered these facts before the deadline with due diligence. The Court has extended the discovery deadline six times. The excuse of having a heavy litigation schedule does not absolve Plaintiff of focusing the issues within the set-forth deadlines. Plaintiff has not made any other showing that persuades the Court she has been diligent about discovering the relevant facts in this case.

Accordingly, the Motion to Amend is **DENIED**.

### III. Motion for Enlargement of Time for Discovery, Motion for Leave to Depose Ricky Dewayne Reynolds, and Motion for Court to Hold Hearing for Discovery of Mental Health Records of Ricky Dewayne Reynolds

Plaintiff also requests an extension of the time for discovery, leave of the court to depose Reynolds, and a hearing on whether they can obtain his mental health records. Defendant opposes the extension because Plaintiff has not shown excusable neglect for failing to move for discovery during the discovery phase and because they did not respond to BHS's motion to quash.

Regardless of whether Plaintiff has shown "excusable neglect" for her failure to timely move to enlarge discovery,[2] *see* Fed. R. Civ. P. 6(b)(1)(B), the Court finds Plaintiff has not shown good cause to amend the Scheduling and Discovery Order under Rule 16(b)(4). This is consistent with the Court's finding on Plaintiff's Motion to Amend. Again, the Court has enlarged the time for discovery six times. The fact that Plaintiff is now moving to depose an allegedly key witness for the first time—after the close of discovery—is inexcusable. As Defendant points out, the purported heart attack of

---

[1] This explanation is obviously not the entire story. In addition to adding new facts, the amended complaint also contains a brand-new request for attorney fees. Plaintiff made no attempt to show why they should be excused for failing to add that claim before the expiration of the time to amend.

[2] But the Court does add that Plaintiff made no attempt to explain her failure to timely move to enlarge the discovery.

Plaintiff's expert is not grounds for extending the discovery deadline because Plaintiff allegedly failed to make timely expert disclosures.

Furthermore, Behavioral Health Services moved to quash the subpoena for the very same records on June 14, 2011. (Doc. 12.) Plaintiff did not respond to that motion. (*See* Docket.) Because Plaintiff failed to comply with Rule 45 of the Federal Rules and did not bother responding to the motion to quash, the Court quashed the subpoena. Plaintiff never attempted to submit a proper subpoena or timely move the Court to issue an order on the medical records.

Therefore, Plaintiff's Motion for Enlargement of Time for Discovery and other Deadlines, Motion for Leave to Depose Ricky Dewayne Reynolds, and Motion for Court to Hold Hearing for Discovery are all **DENIED**.

## CONCLUSION

Based on the foregoing, Plaintiff's Omnibus Motion (Doc. 29) and all of its subparts are **DENIED**.

**SO ORDERED**, this  29th  day of March 2013.

/s/ W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,
UNITED STATES DISTRICT COURT**